Puma-Niola v. Garland

BIA
Conroy, IJ
A205 921 455

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand twenty-two.

PRESENT:
>    ROSEMARY S. POOLER,
>    MICHAEL H. PARK,
>    WILLIAM J. NARDINI,
>        *Circuit Judges.*

_____

ANTHONY ALBERTO PUMA-NIOLA
        *Petitioner*,

        v.                                    19-2136
                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Michael Borja, Esq., Borja Law
                       Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Shelley R. Goad,
                       Assistant Director; Jennifer P.

Levings, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Anthony Alberto Puma-Niola, a native and citizen of Ecuador, seeks review of a June 18, 2019 decision of the BIA affirming a January 26, 2018 decision of an Immigration Judge ("IJ") denying Puma-Niola's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Anthony Alberto Puma-Niola,* No. A 205 921 455 (B.I.A. Dec. June 18, 2019), *aff'g* No. A 205 921 455 (Immig. Ct. N.Y.C. Jan. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the BIA's and IJ's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for

substantial evidence and questions of law and application of law to facts de novo).

We deny the petition as to asylum and withholding of removal. An applicant must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) ("one central reason" standard applies to applications for withholding of removal). Puma-Niola's only exhausted particular social group is "young men who can be recruited into gangs." *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007) (limiting review to "those issues that formed the basis for [the BIA's] decision"); *Matter of A-B-*, 27 I. & N. Dec. 316, 344 (A.G. 2018) (requiring "exact delineation" of particular social group before IJ). To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society

3

in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007).

Puma-Niola's group is not cognizable, and substantial evidence supports the agency's conclusion that he did not show a nexus between the harm feared and a protected ground. Puma-Niola did not provide country conditions evidence as required to show that Ecuadorian society perceives his proposed group as distinct. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 242 ("[A] group's recognition . . . is determined by the perception of the society in question, rather than by the perception of the persecutor."); *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) ("[A] persecutor's perception alone is not enough to establish a cognizable social group."). Absent some additional factor, a gang's actions in recruiting members to increase its influence is not persecution: "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'" *Ucelo-Gomez*, 509 F.3d at 73.

4

Relatedly, an applicant must have "*some* evidence" of his persecutors' motive, "direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Puma-Niola did not allege any motivation other than increasing influence and recruiting people to sell drugs. Accordingly, he presented no evidence that the gang targeted him because he possessed a "belief or characteristic" that the gang sought to overcome. *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 565 (2d Cir. 2006) (identifying elements of well-founded fear); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313-14 (2d Cir. 1999) ("general crime conditions" and "random violence" cannot support a claim to asylum).

We dismiss the petition as to Puma-Niola's CAT claim because he did not challenge the IJ's denial of this relief before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part as to asylum and withholding of removal and DISMISSED in remaining part as to relief under the CAT.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5